ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 1 6 2006

at 11 o'clock and 25 min, A M
SUE BEITIA, CLERK

Clayton Kimoto 4791
Attorney at Law
733 Bishop Street, Suite 2302
Honolulu, Hawaii  96813
Telephone:    (808) 536-4456
Facsimile:    (808) 536-4988

Attorney for Defendant
CARMEN FREEMAN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR 05-00185 JMS |
| | ) CR. NO. 06-00185  JMS |
| Plaintiff, | ) |
| | ) DEFENDANT'S SENTENCING |
| vs. | ) STATEMENT and CERTIFICATE OF |
| | ) SERVICE |
| CARMEN FREEMAN, | ) |
| | ) DATE:   7/17/06 |
| Defendant. | ) TIME: .   1:30 P.M. |
| | ) JUDGE:   J. MICHAEL SEABRIGHT |
| | ) |

## DEFENDANT'S SENTENCING STATEMENT

Paragraph 68 of the Proposed Presentence Report states the "Court shall

impose a sentence in accordance with the applicable guidelines without regard to any

statutory minimum sentence." According to 18 U.S.C. §§ 3553(f)(1)-(5) the criteria are

as follows:

(1) the defendant does not have more than 1 criminal history point, as

    determined under the sentencing guidelines;

(2) the defendant did not use violence or credible threats of violence or


SCANNED

2

possess a firearm or other dangerous weapon (or induce another

participant to do so) in connection with the offense;

(3) the offense did not result in death or serious bodily injury to another

person;

(4) the defendant was not an organizer, leader, manager, or supervisor of

others in the offense, as determined under the sentencing guidelines and

was not engaged in a continuing criminal enterprise, as defined in section

408 of the Controlled Substances Act; and

(5) not later than the time of the sentencing hearing, the defendant has

truthfully provided to the Government all information and evidence the

defendant has concerning the offense or offenses that were part of the

same course of conduct or of a common scheme or plan, but the fact that

the defendant has no relevant or useful other information to provide

or that the Government is already aware of the information shall not

preclude a determination by the court that the defendant has complied

with this requirement.

First, The defendant in Paragraph 42 of the Proposed Presentence Report

is reported as having 0 criminal history points. Second, no violence, credible threats of

violence or firearms were found in connection with this offense. Third, no death or serious

bodily injury resulted from this offense. Fourth, paragraph 34 states that the defendant was a

minor participant in the offense. Lastly, the defendant has provided the Government with

3

all information and evidence concerning this offense. It should be noted that the defendant

was willing to provide the Government with information relevant to Kavekini Narabe, a

major player in the offenses charged. However that information became moot as Mr.

Narabe died on 10/29/05. But for his death, the defendant would have been willing not only

to provide information about him but also to testify in a court of law concerning her

knowledge of his activities that were relevant to the present set of offenses. In summary,

the defendant should be sentenced without regard to any mandatory minimums.

The defendeant has no objections or other additions to the Proposed

Presentence Report in the above-captioned matter.

DATED: June 16, 2006, at Honolulu, Hawaii.

CLAYTON KIMOTO

Attorney for CARMEN FREEMAN

1

## CERTIFICATE OF SERVICE

I, CLAYTON KIMOTO,  hereby certify that a true and exact copy

of the foregoing document was duly mailed and/or hand-delivered to the

following on June 16, 2006

MARK INCIONG
Assistant United States Attorney
PJKK Federal Building
300 Ala Moana Boulevard, Room 6100
Honolulu, Hawaii   96813

Attorney for Plaintiff
UNITED STATES OF AMERICA


NEIL W. TSUKAYAMA
U.S. Probation Officer
PJKK Federal Building
300 Ala Moana Boulevard, Room C-110
Honolulu, Hawaii   96850

DATED:   Honolulu, Hawaii, June 16, 2006.


_____
CLAYTON KIMOTO
Attorney for Defendant
MICHAEL LOPES