FRANK M. FERNANDEZ   4219
1270 Queen Emma St. Suite 706
Honolulu, Hawaii 96813
Telephone No. (808) 585-6111

Attorney for Defendant
CARMEN FREEMAN



IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | CR. NO. 06-00185 JMS |
|---|---|---|
| Plaintiff, | ) | |
| | ) | MEMORANDUM IN SUPPORT OF |
| | ) | MOTION TO WITHDRAW GUILTY |
| vs. | ) | PLEA;DECLARATION OF COUNSEL; |
| | ) | CERTIFICATE OF SERVICE |
| CARMEN FREEMAN, | ) | |
| | ) | DATE:    August 14,2006 |
| Defendant. | ) | TIME:    10:30 a.m. |
| | ) | JUDGE :  Michael Seabright |

## MEMORANDUM IN SUPPORT OF
## MOTION TO WITHDRAW GUILTY PLEA

Comes now Defendant CARMEN FREEMAN [hereinafter referred to as "Defendant"] hereby submits her Memoradum in Support of her Motion to Withdraw Guilty Plea below.

**ARGUMENT**

A defendant can withdraw a guilty plea before sentencing if he can show a "fair and just reason for requesting withdrawal." F.R.Cr.P. 11(d)(2)(B). United States v. Nostratis, 321 F.3d 1206, 1208 (9th Cir. 2003). Rule 11's "fair and just standard is "liberal" and "generous." United States v. Garcia, ____ F.3d ____, 2005 WL 602959 at *3 (9th Cir. Mar. 16, 2005); Unites States v. Nagra, 147 F.3d 875, 880 (9th Cir. 1988)

The "fair and just" standard is a less stringent standard than that which applies post sentencing. See F.R.Cr.P. 32(d), Advisory Committee notes (1983 amendments) cited in United States v. Ortega-Ascanio, 376 F.3d 879, 884 (9th Cir. 2004). A plea need not be involuntary to warrant withdrawal under the fair and just standard, and the fact that a plea was voluntary "cannot count against a defendant's attempt to withdraw it prior to sentencing." Garcia, 2005 WL 602959 at *4.

"Fair and just" reasons for withdrawal include "intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea." Ortega-Ascanio, 376 F.3d at 883.

It is submitted that Defendant Freeman has satisfied the "liberal" and "generous" "fair and just" standard of Rule 11(d)(2)(B). Defendant is entitled to withdraw her guilty plea based on the fact that Defendant: 1) at first, reluctantly pled guilty thinking that it would be in her favor to fight it rather than be convicted of something that she did not knowingly do; 2) felt that her former attorney Clayton Kimoto made it seem that pleading was the best thing to do; and 3) believed that she should try to fight instead of being sentenced for something that the other co-defendant in her case, Kavekini Narabe, was supposed to be convicted of.

In any event, Defendant need only show that knowledge that the Guidelines were advisory could have "at least plausibly" motivated a person in his position not to have pled guilty, had she been aware of that fact. See Garcia, 2005 WL 602959 at *3.

## CONCLUSION

For the above-stated reasons, it is therefore respectfully requested that Defendant be permitted to withdraw her guilty plea and to proceed with further litigation.

DATED: Honolulu, Hawaii, August 10, 2006.

_____
FRANK M. FERNANDEZ
Attorney for Defendant